U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 2 2005

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSE AMILLAR TRIMINIO, PRO SE, <br> TDCJ-CID #6644290, <br> Previous TDCJ-CID #571422 <br><br> Plaintiff, <br><br> v. <br><br> Assistant Warden JOE NUNN and KATHY SKINNER, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:04-CV-119-J |

## CHARGE TO THE JURY

MEMBERS OF THE JURY:

This case is submitted to you on specific questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law you must be governed by the instructions in this charge.

Do not let bias, prejudice, or sympathy play any part in your deliberations.

Do not consider any statement which I have made, either in the course of trial or in these instructions, as an indication that I have any opinion about the facts of the case.

Do not decide who you think should win and then try to answer the questions accordingly. You will not decide any question by lot, by drawing straws, or by the use of any other method of chance. Do not reach your result by adding together each juror's figures and dividing by the number

of jurors to get an average. Further, do not do any trading on your answers as your answers and verdict must be unanimous.

All questions are to be answered by you from a **preponderance of the evidence**. A preponderance of the evidence means the greater weight and degree of credible evidence before you. While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

In determining whether any fact in question has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

The testimony of a single witness, which produces in your minds the belief in the likelihood of truth, is sufficient for the proof of any fact, even though a greater number of witnesses may have testified to the contrary, if you believe this witness and have considered all the other evidence.

Generally speaking, there are two types of evidence which you may consider in properly finding the truth as to the facts in the case. One is **direct evidence** – such as testimony of an eyewitness. The other is indirect or **circumstantial evidence** – the proof of a chain of circumstances which points to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

The testimony of a single witness, which produces in your minds the belief in the likelihood of truth, is sufficient for the proof of any fact, even though a greater number of witnesses may have testified to the contrary, if you believe this witness and have considered all the other evidence.

A witness may be discredited or **"impeached"** by contradictory evidence, by a showing that they testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

In weighing the credibility of a witness, you may consider the fact that they have previously been convicted of a felony. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to their

testimony.

Finally, the statements and arguments of counsel are not evidence.

## Statement of the Case

Plaintiff Jose Amillar Triminio brings a claim under 28 U.S.C. § 1983, a statute which provides people with redress for violations of their constitutional rights. Triminio alleges that the Defendants, Assistant Warden Joe Nunn and Kathy Skinner, acting under color of authority of the State of Texas, deprived him of rights and privileges secured and protected to him by the Constitution and laws of the United States.

Specifically, Plaintiff alleges that the Defendants violated his constitutional rights because they failed to protect him from physical harm by other prisoners. On February 3, 2004, while housed within the general population of the Bill Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, Plaintiff was attacked and injured by another inmate. Plaintiff alleges that Defendants failed to prevent this injury when they failed to grant his requests to be placed in protective custody after being informed of a danger to the Plaintiff's safety.

The Defendants deny that they violated Plaintiff's constitutional rights. They deny that they were deliberately indifferent to the Plaintiff's safety. They allege that they responded reasonably to any threats to Plaintiff's safety of which they were informed. They deny that they had sufficient personal involvement to be held liable for a constitutional violation. They also claim that they are entitled to qualified immunity from liability for their actions.

## **DELIBERATE INDIFFERENCE**

In this case, Plaintiff has brought his claim under section 1983 of Title 42 of the United States Code. 42 U.S.C. § 1983 provides that any citizen may seek redress in this Court by way of damages against any person who, under color of any State law or custom, subjects such citizen to the deprivation of any rights, privileges, or immunity secured or protected by the Constitution or laws of the United States.

You are instructed that at all relevant times the Defendants acted in their official capacities as agents for the State of Texas and accordingly under color of State law.

You are instructed that the United States Constitution imposes a duty upon prison officials to take reasonable steps to protect prisoners from violence at the hands of other prisoners.

For you to find that the constitutional right of the Plaintiff to be protected from violence has been violated in this case, you must find that the Plaintiff has proven by a preponderance of the evidence that each of the following elements has been met:

**First**, that the Defendants in question knew that Jose Amillar Triminio was incarcerated under conditions posing substantial risk of serious harm, and

**Second**, that the conduct of the Defendants in question displayed "deliberate indifference" to the health or safety of Plaintiff Triminio.

### **Substantial Risk of Serious Harm**

To establish the first element, the Plaintiff must prove beyond a preponderance of the evidence that a substantial risk of serious harm existed. A "substantial risk of serious harm" is a risk which is so grave that it violates contemporary standards of decency to expose anyone unwillingly

to such a risk.

## Deliberate Indifference

"Deliberate Indifference" is not mere negligence, inattention, or inadvertence. A finding of deliberate indifference on the part of prison officials requires more than a showing of a lack of due care for a prisoner's interests or safety. However, a plaintiff is not required to show that an official took or failed to take acts for the very purpose of causing harm or with knowledge that harm would result; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.

Therefore to establish that the Defendants were deliberately indifferent to the Plaintiff's safety, the Plaintiff must prove both (1) that the official in question knew of a substantial risk of harm and (2) that the official consciously disregarded an substantial risk of serious harm. That is, it must be proven that they been aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and that they did, in fact, draw the inference.

A prison official's failure to alleviate a significant risk that he should have perceived, but did not actually perceive, does not constitute a violation of a constitutional right. However, in appropriate circumstances you may conclude from the very obviousness of the risk that an official must have known of its existence.

Plaintiff must show that despite being aware of an excessive risk of harm to Plaintiff, Defendants Nunn and Skinner had the opportunity to act to alleviate the risk of harm and failed to act reasonably to do so. Prison officials who actually know of a substantial risk to inmate health or safety do not commit a constitutional violation by failing to protect an inmate from harm if the

official responded reasonably to abate the risk, even though the harm ultimately was not adverted. The reasonableness of an officials response must be evaluated from the position of the official at the time they made the decision. However, a prison official may not escape liability for deliberate indifference by simply showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the Plaintiff was especially likely to be assaulted by the prisoner who eventually committed the assault.

**Personal Liability**

In order to establish the personal liability of a given Defendant, the Plaintiff must prove that the particular Defendant personally acted to deprive the Plaintiff of his constitutional rights, or that the Defendant knowingly participated or assisted in someone else's wrongful conduct that deprived the Plaintiff of his constitutional right to be free from a substantial threat of serious violence at the hands of other prisoners. A defendant knowingly participates in a violation of rights when, acting with intent to promote or assist in the violation, he solicits, encourages, directs, or aids other persons in committing the violation.

**Special Circumstances of the Prison Environment**

It is important that in your deliberation you be aware that this action arises in a prison institution. All inmates assigned to the Texas Department of Corrections are convicted felons. In view of the unique nature of the prison environment, prison officials, such as the Defendants, are given broad discretion to maintain the security, order, and discipline of the prison, and broad deference must be given to their management decisions. By its very nature, the operation of such

a prison is a dangerous task. The reasonableness of the Defendants' actions must be determined against the backdrop of the prison environment.

## Violation of Administrative Rules

You are also instructed that even if the Plaintiff can demonstrate that one or more of the Defendants acted in violation of an administrative rule or regulation established by prison authorities, such violation alone does not constitute a violation of Section 1983 sufficient for plaintiff to prevail. The Plaintiff must prove that his federal constitutional right to be protected from violence at the hands of other prisoners was violated; a violation of a rule or regulation, by itself, does not entitle a plaintiff to a favorable judgment.

## **QUALIFIED IMMUNITY**

If you find that Plaintiff has proven his claims, you must then consider whether Defendants Nunn's and Skinner's actions are protected by qualified immunity. For a public employee to be able to properly do the work of the public, that employee must be free of the constant fear of threatened lawsuits for every decision he makes. A public employee must understand that actions he takes in good faith to perform his job assignment will not be punished if such actions were objectively reasonable under the circumstances. Without such reassurance and immunity from suit, public employees would be unable to make those difficult or controversial decisions which are necessary to accomplish the public's business. Therefore as prison officers, Defendants are public employees entitled to such immunity while performing their discretionary functions. Even the officer who violates the clearly established constitutional rights of an inmate is protected while performing his discretionary functions so long as their actions are objectively reasonable.

In assessing the reasonableness of the Defendants' actions, you are instructed to remember the breadth of the protection provided by qualified immunity. You are instructed that the qualified immunity defense gives ample room for mistaken judgment of officials by protecting all but the plainly incompetent or those who knowingly violate the law.

If, after considering the scope of discretion and responsibility generally given to correctional employees in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time, you find from a preponderance of the evidence that Plaintiff has proven either (1) that Defendants Nunn and Skinner were plainly incompetent or that (2) Defendants Nunn and Skinner knowingly

violated the law regarding Plaintiff's constitutional rights, you may find for the Plaintiff. If Defendant Nunn's and Skinner's actions were "objectively reasonable" under the circumstances, they may not be held liable, regardless of the reasons for their actions.

## **DAMAGES**

If Plaintiff Triminio has proven his claims against the Defendants by a preponderance of the evidence, and you find that the Defendants are not entitled to qualified immunity, you must determine the damages, if any, to which Plaintiff is entitled. You must base any damages award only upon the evidence produced at trial. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you find Defendant liable and that Plaintiff is entitled to recover money damages. In that regard, there are two types of damages to which the Plaintiff may be entitled in this case: nominal, compensatory and exemplary.

### **Compensatory Damages**

If you find that the Defendants violated Plaintiff's constitutional rights, then you must determine the amount of compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole – that is, to compensate the Plaintiff for the damage that he has suffered. Compensatory damages are not limited to expenses that the Plaintiff has incurred because of his injury. If Plaintiff prevails on that claim, he is also entitled to compensation for any emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses he suffered or will suffered in the future as a result of the Defendant's allegedly wrongful conduct..

You may award damages only for injuries that the Plaintiff proves were caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered. You must not award compensatory damages more than once for the same injury. The Plaintiff is only entitled to be made whole once and may not recover more than he has lost.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

**Exemplary Damages**

If you find that the Defendants are liable for the Plaintiff's injuries, you must award the Plaintiff the compensatory damages he has proven. You may also award exemplary damages. The purpose of exemplary damages is to punish the wrongdoer and warn others against doing the same. You may award such damages only if you find that the Defendants violated the law with malice or willfulness or with callous and reckless indifference to the rights of the Plaintiff. One acts wilfully or with reckless indifference when he acts in disregard of a high and excessive

degree of risk of harm about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the Defendants' conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. If you decide to award exemplary damages, you must use sound reasoning in setting the amount of damages. The amount of an award of exemplary damages must not reflect bias, prejudice, or sympathy toward any party. The amount, however, can be as large as you believe necessary to fulfill the purposes of exemplary damages. You may consider the financial resources of the Defendants in fixing the amount of exemplary damages.

## **DELIBERATIONS**

If during the course of your deliberations, you wish to communicate with the Court, you should do so only in writing by a written note handed to the bailiff and signed by the Foreperson.

When you are retired to the jury room to deliberate upon your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. You will select your Foreperson, and after you have reached your unanimous verdict, you will return this charge together with your written answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

You are further advised that the law does not require a juror to talk with anyone after he has reached his verdict unless the Court orders otherwise.

Your Foreperson will sign in the space provided after you have reached your verdict.


Signed this the ____1st____ day of November, 2005.

_____
MARY LOU ROBINSON

UNITED STATES DISTRICT JUDGE